## McCHESNEY v. PANAMA R. CO.

(Supreme Court, General Term, Third Department.   November 22, 1892.)

VICE PRINCIPAL—TRAIN DISPATCHER AND ENGINEER.

    A train dispatcher, vested with discretionary power as to the running of trains, and authorized to change the running time from that fixed in the time-tables of the company, represents the company; and a locomotive engineer may recover from the company for injuries sustained in a collision between his train and another train also running under the direction of the train dispatcher, and resulting from the engineer's obedience of the train dispatcher's order to run his own train ahead of time.

Appeal from circuit court, Albany county.

Action by Sylvester McChesney against the Panama Railroad Company for personal injuries.   From an order granting a motion for a new trial, made on the minutes of the judge after a nonsuit, defendant appeals.   Affirmed.

For former report, see 16 N. Y. Supp. 381.

The action was prosecuted to recover for personal injuries suffered by the plaintiff while in the employ of the defendant, alleged to have been caused by its negligence.   The defense charged that the negligence which caused the injury complained of was that of a coservant of the plaintiff, for which the defendant was not liable, and upon that question the whole controversy seems to turn.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Coudert Bros., (F. R. Coudert, of counsel,) for appellant.

Parker & Fiero, (J. Newton Fiero, of counsel,) for respondent.

MAYHAM, P. J.   The plaintiff, at the time of the injury complained of, was a locomotive engineer in the employ of the defendant, engaged in running an engine on the defendant's railroad from Aspinwall, across the Isthmus of Panama, to the city of Panama, on the Pacific coast, in which service he had been engaged for several years.   The defendant's railroad is a single track, with several intermediate stations between the two termini, with sidings and switches at each intermediate station.   On the day of the injury the plaintiff was running an engine attached to a regular freight train southerly from Aspinwall to Panama, and when at a point near an intermediate station, called "San Pablo," his engine collided with a locomotive going in an opposite direction, drawing a special train, and the plaintiff sustained an injury, for which this suit is brought.   On the trial the plaintiff was nonsuited, and the trial judge,

on a motion for a new trial upon the minutes, set aside the nonsuit and ordered a new trial, from which decision and order the defendant appeals.

The case discloses that the plaintiff, in running his train, was acting under the orders of the train dispatcher of the defendant, and it is not claimed by the defendant that he was guilty of any contributory negligence which resulted in or contributed to his injury. But it is insisted that the injury resulted from the negligence or mistake of the train dispatcher, or master of trains, or the engineer of engine No. 30, in running a special or irregular passenger train, not in conformity with the rules prescribed by the defendant for running trains, and that they were fellow servants with the plaintiff, for whose errors or negligence the defendant was not liable, and of which the plaintiff assumed the risk by the nature of his employment. The determination of this controverted question must, we think, depend upon the fact of the authority vested in the train master or train dispatcher by the defendant. If the authority conferred upon him by the company under its rules vested in him any discretion as to the time or manner of dispatching trains, and gave him any power to change the time of starting or running trains from those fixed in the time-tables by the company, then, to the extent of that discretionary authority, he was the alter ego of the defendant, and his negligence would be the negligence of the company. We think the discretion was vested by the defendant's rules in the train master or train dispatcher, and was exercised in this instance, and that his act in that particular was the act of the defendant. Sutherland v. Railroad Co., 46 Hun, 372; on subsequent appeal, (Sup.) 8 N. Y. Supp. 83; affirmed by the court of appeals, 26 N. E. Rep. 609. This case seems to settle the rule, before that involved in some doubt, that the act of the train dispatcher, vested with a discretion, is the act of the company, and not that of a fellow servant, and that any negligence of his in the exercise of that discretion must be treated as the negligence of the company. It is quite apparent that the train dispatcher exercised this discretion in ordering train No. 9, to which plaintiff's engine was attached, to "leave Aspinwall and run to Boheo ahead of time." It is also apparent that the train dispatcher exercised his discretion in ordering engine No. 30, with which plaintiff's engine collided, to "run special, Panama to Aspinwall;" and while disobedience to these orders would be the negligence of the servant, for which the defendant would not be liable, any defect or imperfection in the orders, or in their manner of communication, would be the negligence of the defendant, and that question would be one of fact to be submitted to the jury. We are therefore of the opinion that it was error to take the case from the jury, and that the order made by the trial judge granting a new trial was right, and should be affirmed.

Order affirmed, with $10 costs and printing disbursements.

PUTNAM, J., concurs. HERRICK, J., not acting.