SYLVESTER McCHESNEY, Respondent, *v.* PANAMA RAILROAD COMPANY, Appellant.

*Negligence of a train dispatcher — right of an engineer to rely upon instructions.*

Upon the trial of an action brought to recover damages for injuries sustained by reason of the alleged negligence of the defendant, a railroad company, it was shown that the plaintiff was the engineer of locomotive No. 9 on the defendant's railroad. That on January 2, 1890, while the plaintiff was running a regular train from Aspinwall to Panama, he received the following instructions from the train dispatcher: "No. 9 will leave Aspinwall and run to Bohio ahead of time. Nos. 9 and 10, ahead of time, will meet at Bohio."

Bohio was a station on the defendant's road about fifteen miles from Aspinwall, and San Pablo was a station beyond Bohio. After the train drawn by engine No. 9 had passed San Pablo it collided with the train drawn by engine No. 30, which was coming from Panama to Aspinwall.

The engineer and conductor of the train drawn by engine No. 30 had received instructions from the train dispatcher as follows: "Eng. 30 will run special Panama to Aspinwall. Will not pass Bohio until No. 9, ahead of time, has arrived there."

*Held*, that as the plaintiff received no notice of the running of the train drawn by engine No. 30, he had a right to assume that the track would be clear after he left Bohio;

That the engineer and conductor of the train drawn by engine No. 30 had the right to assume that they would not meet engine No. 9 until they reached Bohio;

That the verdict of a jury in favor of the plaintiff should be sustained.

APPEAL by the defendant, Panama Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 25th day of January, 1893, upon the verdict of a jury rendered at the Albany Circuit, and also from an order entered in said clerk's office on the 25th day of January, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Coudert Brothers*, for the appellant.

*J. Newton Fiero*, for the respondent.

HERRICK, J. :

The plaintiff, the engineer of a locomotive known as No. 9 on the Panama railroad, came in collision with a special train drawn by an engine known as No. 30, and as the result of such collision suffered severe injuries, for which the jury rendered a verdict in his favor.

The plaintiff was running a regular train, and on the 2d of January, 1890, started with such train from Aspinwall to go to Panama. He received the following instructions from the train dispatcher of the road : " No. 9 will leave Aspinwall and run to Bohio ahead of time. Nos. 9 and 10, ahead of time, will meet at Bohio." Bohio is a station about fifteen miles from Aspinwall; the distance from Aspinwall to Panama is about sixty miles, according to the time-table in evidence in this case.

San Pablo is beyond Bohio, and about twenty-five miles from Aspinwall; after he had passed San Pablo about 1,000 feet the col-

lision occurred with the train drawn by No. 30, which was going from Panama to Aspinwall. The engineer and conductor of the train drawn by No. 30 had received the following instructions from the train dispatcher of the defendant : "Eng. 30 will run special Panama to Aspinwall. Will not pass Bohio until No. 9, ahead of time, has arrived there."

The train drawn by No. 30 was not a regular, but a special train, and had no place upon the regular time-table of the road.

It will be seen that the plaintiff received no notice of the running of No. 30, and it seems to me that he had a right to assume that the track would be clear after he left Bohio.

The engineer and conductor of the train drawn by No. 30 had the right to assume that they would not meet the train drawn by No. 9 until they reached Bohio ; instead of that they met between Panama and Bohio.

The cause of the accident is thus perfectly apparent, the instructions, and the lack of full instructions, by the train dispatcher.

The question as to whether the defendant is liable for the error of the train dispatcher is not an open question in this court ; it was passed upon when the case was heretofore before us. (See 49 N. Y. St. Repr. 148.)

As to the various exceptions taken to evidence and to the charge of the court on the trial, in the view that I have taken as to the cause of the accident, I cannot see that the defendant has been injured by any rulings of the trial court.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.